(97 South. 686)

## COMPTON v. HARDIN. (2 Div. 779.)

(Supreme Court of Alabama. Oct. 11, 1923.)

Logs and logging ⬉3(10)—Grant of timber held to include lightwood, consisting of fallen trees and branches.

Under a grant of "all the pine and poplar timber and trees of every kind and description, both standing and fallen," the grantee is entitled to every part of the trees, including their branches, and may properly remove lightwood, consisting of the hearts of fallen trees and the branches thereof, without rendering himself liable for conversion.

Appeal from Circuit Court, Marengo County; Leon McCord, Judge.

Action in trover by J. H. Compton against F. C. Hardin. From a judgment for defendant, plaintiff appeals. Affirmed.

S. W. Compton, of Linden, for appellant.

The general charge should not be given, where there is any evidence to support the action, or where the evidence is in conflict. 6 Mayf. Dig. 105; Code 1907, § 5362; Wright v. State, 156 Ala. 108, 47 South. 201; M. J. & K. C. Co. v. Bromberg, 141 Ala. 258, 37 South. 395; McCormack Co. v. Lowe, 151 Ala. 313, 44 South. 47.

Harwood, McKinley, McQueen & Aldridge, of Eutaw, for appellee.

No brief reached the Reporter.

SAYRE, J. Appellant sued appellee for the conversion of 500 wagon loads of lightwood. Appellee justified the taking of the lightwood under a deed from appellant conveying "all the pine and poplar timber and trees of every kind and description, both standing and fallen," upon the land from which appellee took the lightwood. The grant of trees grants, of course, every part of the trees including their branches, and our judgment is that when appellee gathered up and hauled away the hearts of fallen pine trees and the branches thereof for use in firing the boiler of a portable sawmill, he carried away the property which appellant had

conveyed to the sawmill company (or its predecessor in title), and was not answerable to appellant therefor, and, these facts appearing without dispute, appellee was entitled to the general affirmative charge given by the court, upon appellee's request in writing as provided by the statute.

Other assignments of error need no special notice. The contentions presented by them proceed upon an interpretation of the deed different from that stated above or touch upon the measure of damages; the last, in view of the former, being immaterial.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.